**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CINDY BOEVERS, an individual; RETA
STRUBHAR, an individual,

     Plaintiffs - Appellees,

v.

CHARLES COFFMAN, in his official and
individual capacity; AL GLEICHMANN,
in his official and individual capacity;
DONNIE ROBINSON, in his official and
individual capacity,

     Defendants - Appellants,

and

THE CITY OF PIEDMONT,
OKLAHOMA, a municipal corporation,

     Defendant.

No. 16-6039
(D.C. No. 5:14-CV-01048-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **PHILLIPS**, Circuit Judges.
_____

     In this interlocutory appeal, Defendants-Appellants Charles Coffman, Al

Gleichmann, and Donnie Robinson, three city councilmembers for the City of

Piedmont, Oklahoma ("Councilors"), challenge the district court's decision denying

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

them absolute legislative immunity from Plaintiffs-Appellees' 42 U.S.C. § 1983 equal protection claim. Concluding this appeal is now moot, we DISMISS the appeal and REMAND this case to the district court to dismiss with prejudice the claim as against the Councilors and to consider whether the claim against the remaining defendant, the City of Piedmont, is also moot.

## I. BACKGROUND

Plaintiffs Cindy Boevers and Reta Strubhar are land developers ("Developers") who sought approval of the preliminary plat for their development from Piedmont's five-member City Council. Accepting Plaintiffs' well-pled allegations as true, see Kamplain v. Curry Cty. Bd. of Comm'rs, 159 F.3d 1248, 1250 (10th Cir. 1998) (addressing motion to dismiss based on absolute legislative immunity), on two occasions when Developers' preliminary plat came before the Council for consideration, the three Councilors walked out of the meeting, destroying the quorum needed for the Council to act on Developers' plat. Developers then sued the City and the three Councilors under 42 U.S.C. § 1983, alleging Defendants were depriving Developers of equal protection of the law. As relief, Developers seek an injunction and a declaratory judgment. In this appeal, Councilors challenge the district court's decision to deny their Fed. R. Civ. P. 12(b)(6) motion for absolute legislative immunity. Councilors have now moved to dismiss their appeal as moot, because Councilor Coffman's term on the City Council has ended and he did not seek re-

2

election; Councilor Robinson resigned and has been replaced on the Council; and the Council has now approved Developers' preliminary plat.[1]

## II. ANALYSIS

Article III of the United States Constitution limits federal courts to deciding only actual cases and controversies. See Brown v. Buhman, 822 F.3d 1151, 1163 (10th Cir. 2016) (citing Hollingsworth v. Percy, —U.S.—, 133 S. Ct. 2652, 2661 (2013)), petition for cert. filed, (U.S. Sept. 15, 2016) (No. 16-333). The actual case or controversy must continue throughout the litigation. See id. at 1165 (citing Campbell-Ewald Co. v. Gomez, —U.S.—, 136 S. Ct. 663, 669 (2016), and Genesis Healthcare Corp. v. Symczyk, —U.S.—, 133 S. Ct. 1523, 1528 (2013)). A case becomes moot, depriving federal courts of jurisdiction, see id. (citing Decker v. Nw. Def. Ctr., —U.S.—, 133 S. Ct. 1326, 1336 (2013)), if at any time during the litigation the controversy is "no longer 'live' or the parties lack a legally cognizable interest in the outcome," id. (quoting Chafin v. Chafin, —U.S.—, 133 S. Ct. 1017, 1023 (2013)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." Id. (quoting Already, LLC v. Nike, Inc., —U.S. —, 133 S. Ct. 721, 727 (2013)).

---

[1] The parties do not dispute these facts which Councilors claim have caused their appeal to become moot.

3

The relevant question in determining whether a case has become moot "is whether granting a present determination of the issues offered will have some effect in the real world." Id. at 1165-66 (internal quotation marks omitted). "Put another way, a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." Id. at 1166 (internal quotation marks omitted).

In light of the developments that have occurred in the case at issue here since this appeal was filed, Developers are no longer suffering an actual injury redressible by a judicial decision, and any ruling we might make will have no effect in the real world. Developers seek only prospective relief: a declaration that Defendants violated Developers' right to equal protection of the laws, an order directing the City to act on Developers' preliminary plat, an order enjoining the three Councilors from obstructing action on the plat, and a permanent injunction prohibiting Councilors from "wrongfully blocking quorum and/or preventing action on Developers' present and future applications." (Aplt. App. 226-27.) But the Council has now approved Developers' preliminary plat. Two of the three defendant Councilors are no longer council members and have been replaced on the five-member Council. Currently all five Council positions are filled and Councilman Gleichmann is the only one who is alleged to have engaged in unconstitutional conduct to deprive the Council of a quorum when considering Developers' now-approved preliminary plat. Any decision the Court might make now in resolving this appeal, therefore, would have no real-world effect because even if Councilman Gleichmann again walked out of legislative

4

proceedings pertaining to Developers' plat approval request, it would not have the effect of depriving the Council of a quorum.

Developers' arguments to the contrary are unavailing. Developers point out that, in order to complete their current development project, they will have to return to the City Council to obtain approval of their final plat. In light of that, they assert that former Councilors Coffman and Robinson could choose to run for City Council again, be elected, and then "pick up where they left off." (Aple. Response 2.) That possibility, however, is too speculative to keep this case alive. So, too, are Developers' assertions that, should the Council ever meet with only a three-member quorum, the remaining defendant on the Council, Councilor Gleichmann, could again disrupt the Council's consideration of any matter Developers might have before the Council at that time; or that Gleichmann could persuade other current council members to join him in obstructing the Council's consideration of any of Developers' future applications.

Developers next invoke an exception to mootness, contending that this court should still address the issue presented in this appeal—whether Councilors are entitled to legislative immunity for walking out of the Council meetings—because Defendants caused the mootness by voluntarily ceasing their challenged conduct, which they can again resume once this case has ended. It is true that "voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." Brown, 822 F.3d at 1166 (quoting Knox v. Serv.

5

Employees Int'l Union, Local 1000, —U.S.—, 132 S. Ct. 2277, 2287 (2012)). This rule was designed to prevent gamesmanship." Id. "A defendant's voluntary cessation may moot a case, however, if the defendant carries 'the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'"[2] Id. (quoting Already, 133 S. Ct. at 727). "In practice, this heavy burden frequently has not prevented governmental officials from discontinuing challenged practices and mooting a case." Brown, 822 F.3d at 1167 (internal quotation marks, alteration omitted). For the reasons stated above, Defendants have met that burden here of establishing that this appeal is moot.[3]

### III. CONCLUSION

Because this appeal is moot, we must dismiss it. See Brown, 822 F.3d at 1165. We remand the case to the district court to dismiss with prejudice Developers' claims against the three Councilors as moot. No one asks that we vacate the underlying

---

[2] Brown noted that the Supreme Court's use of the word "absolutely" "adds little to this formulation," and further noted that "the Supreme Court has never suggested a defendant must make resumption of his conduct impossible" before a defendant's voluntary cessation of challenged conduct can moot a case. 822 F.3d at 1166 n.16.

[3] Developers seemingly invoke a second mootness exception that applies when a case involves a dispute that is capable of repetition but, because of its short duration, evades review. See Brown, 822 F.3d at 1166 (discussing this exception). It is Developers' burden to show that this "narrow" exception applies. Ind v. Colo. Dep't of Corr., 801 F.3d 1209, 1215 (10th Cir. 2015) (internal quotation marks omitted). Developers have failed to meet that burden. In support of this mootness exception, they assert only the same speculative argument, that Defendants voluntarily ceased their challenged conduct but can resume that conduct once this lawsuit is over. Nor do Developers assert any argument as to why this issue is of such short duration as to evade review. See Brown, 822 F.3d at 1166.

district court decision from which Councilors appeal, and mootness was caused, at least in part, by two of the three Appellants, Coffman and Robinson, choosing to quit the Council, and in part by the third Appellant, Gleichmann, choosing not to persist in walking out of the Council meeting when the Council approved the preliminary plat.  Thus, we decline sua sponte to vacate the district court's decision at issue here.  See Schell v. OXY USA Inc., 814 F.3d 1107, 1117 & n.5 (10th Cir. 2016), cert. denied, (U.S. Oct. 31, 2016), and 2016 WL 4001288 (U.S. Nov. 7, 2016).  Nor do we address the merits of the district court's underlying decision challenged in this appeal.  Lastly, because this interlocutory appeal addressed only the district court's decision denying the individual defendant Councilors absolute immunity, and does not dispose of Developers' § 1983 claim against the City, we direct the district court, on remand, to consider whether Developers' claim against the City is also moot and otherwise to take such action as may be appropriate.

Entered for the Court

David M. Ebel
Circuit Judge

7